UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BALAZKIE R. THOMAS                           DOCKET NO. 6:23-cv-1072

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

HILLARY RICHARD, ET AL                       MAGISTRATE JUDGE AYO

### REPORT AND RECOMMENDATION

Before the court are the original complaint (Rec. Doc. 1) and amended complaint (Rec. Doc. 16) filed pursuant to 42 U.S.C. § 1983 by plaintiff Balazkie R. Thomas, who is proceeding *pro se* and *in forma pauperis* in this matter. For reasons stated below, the undersigned recommends *sua sponte* that the complaints be DISMISSED WITH PREJUDICE.

### Background

Plaintiff brings the instant suit pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Hillary Richard, an employee of Euco Finance, Inc. in Ville Platte, Louisiana; Alicia Phillips-Kelly, an attorney from Ville Platte, Louisiana; and Renata Richard, a private individual from Ville Platte, Louisiana. (Rec. Doc. 1 at 2).

### Analysis

**A. The Court may dismiss Thomas' claim *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.**

The Fifth Circuit has held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] as long as

the procedure employed is fair." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Id.*; *see also Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). A litigant must have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous. *See Alexander v. Trump*, 753 Fed. App'x 201, 208 (5th Cir. 2018), *cert. den.*, 139 S. Ct. 1200, 203 L. Ed. 2d 205 (2019) (finding plaintiff had an opportunity to respond during the 14 day objections period to the recommendation).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Defendants Are Not State Actors

Plaintiff brings the instant claim pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by the named defendants. Under Section 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Manufactured*

*Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan,* 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under Section 1983 against the Hillary Richard, Alicia Phillips-Kelly and Renata Richard, Plaintiff must allege that they were persons acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).

In allegations like those brought by Plaintiff, where a private citizen is alleged to have committed a § 1983 violation, the plaintiff must offer proof that the citizen is either a state actor or conspired with state actors. *See Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983, the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law. For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.") (internal quotations omitted).

Plaintiff does not allege that Hillary Richard or Renata Richard are state actors. Moreover, his complaint does not allege an agreement between them and any state actor to commit an illegal act in violation of his constitutional rights, nor does it allege specific facts to show an agreement. *See Priester*, 354 F.3d at 420.

Furthermore, Plaintiff's Section 1983 claim against Alicia Phillips-Kelly fails because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 102 S. Ct. 445, 453 (1981). This is because even though appointed, counsel owes their duty to their client, not the State. *Id*. at 450. Even if Phillips-Kelly represented Plaintiff in state court proceedings, she is not a state actor in connection with that representation and, as such, the Section 1983 claims against her should be dismissed with prejudice as frivolous. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995).

## Conclusion

For reasons stated above, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 5th day of June, 2024.

_____
David J. Ayo
United States Magistrate Judge